UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BEVERLY BURTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:21-cv-134 |
| | ) |
| MADISON CORRECTIONAL FACILITY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Beverly Burton ("Burton" or "Plaintiff"), by counsel, brings this action against Defendant, Madison Correctional Facility, ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq.*

**II. PARTIES**

2. Burton is a resident of Scott County in the state of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a government entity that systematically conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b).

6. Burton is an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

7. Burton satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her religion and retaliation. Burton received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. Factual Allegations

9. Burton, who is a Messianic Jew, was hired by respondent on or about June 3, 2019, as a correctional officer.

10. At all relevant times, Burton met or exceeded Defendant's legitimate performance expectations. She had several performance reviews, all of which rated her performance positively.

11. During her employment with Defendant, Burton was severely and pervasively harassed by co-workers due to her religion. Carl Manning made fun of the fact she does not eat pork. When she did not respond to his antagonistic comments, Manning aggressively pushed her. Burton reported Manning's misconduct and Defendant conducted a two-week investigation. During this time, Defendant failed to protect Burton from Manning, as Burton was relief for his shift and saw him daily. At the end of the investigation the Warden wanted to give him a fifteen-day suspension, but the State terminated his employment. After Manning was terminated, the environment became increasingly hostile for Burton, who was blamed by her coworkers for his termination.

12. Lieutenant William Bischof made several disparaging comments against Burton's

religion. In February 2020, Lt. Bischof approached Burton and began pulling on her tassels, demanding to know what they were in a disciplinary tone. When Burton explained that the Warden had given her permission to wear them in accordance with her religious beliefs, he became angry. Lt. Bischof also made comments about her religious dietary restrictions, asking, "Well, what can you eat?" On one occasion, he asked if using the phrase "Jew you down" would offend her.

13.     During the summer of 2020, Officer Surma looked at Burton and said, "Heil Hitler!" When Burton asked why she would say that Officer Surma replied, "I know what you believe." Burton also reported this conduct to Sergeant Benge.

14.     Following her complaints, Burton was denied the opportunity to advance. In or about August of 2020, Burton applied for and was denied a Field Training Officer position.

15.     In or about September 2020, Burton requested to receive control room, mailing room, and firearm training, which would position her better for advancement with Defendant. Her requests were denied and/or ignored. Meanwhile, similarly situated individuals with less tenure outside of Burton's protected class were provided this training at their request.

16.     In or about September 2020, Burton requested to be transferred. Her request was ignored and/or denied.

17.     In or about November 2020, Burton applied to be promoted to one of two open Sergeant positions. Burton was denied both positions.

## V.  CAUSES OF ACTION

### COUNT I: RELIGIOUS DISCRIMINATION

18.     Burton hereby incorporates by reference paragraphs one (1) through seventeen (17) as if the same were set forth at length herein.

19. Defendant discriminated against Burton on the basis of her religion.

20. Defendant's actions were intentional, willful, and in reckless disregard of Burton's rights as protected by Title VII of the Civil Rights Act of 1964.

21. Burton has suffered and continues to suffer damages because of Defendant's actions.

## COUNT II: RETALIATION

22. Burton hereby incorporates by reference paragraphs one (1) through twenty-one (21) as if the same were set forth at length herein.

23. Burton engaged in protected activity when she complained about the harassment that she was experiencing based on her religion.

24. Burton was retaliated against for engaging in protected activity.

25. Defendant's actions were intentional, willful and in reckless disregard of Burton's legal rights.

26. Burton has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Beverly Burton, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Compensatory damages for Defendant's violations of Title VII of the Civil Rights

Act of 1964;

4. Punitive damages for Defendant's violation of Title VII of the Civil Rights Act of 1964;

5. Costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgement interest on all sums recoverable; and

7. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

s/Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Beverly Burton*

**DEMAND FOR JURY TRIAL**

Plaintiff, Beverly Burton, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

s/Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Beverly Burton*